[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Kathryn Kratter, age 29, whose maiden name was Kathryn Muller, and the defendant, Mark Kratter, age 27, were married October 31, 1987 at Detroit, Michigan. There is one minor child issue of the marriage, Danielle Kratter, born May 16, 1988.
The marriage has broken down irretrievably, the wife claims that the husband has been verbally and sexually abusive. She did not offer specific evidence on this issue but it is clear from the evidence that the marriage has broken down.
Mr. Kratter is a college graduate with a degree in electrical engineering. He is presently attending law school and expects to graduate in three years. Presently he is employed earning $600.00 per week with a net of $421.00. Mrs. Kratter is a high school graduate and is now a student at the University of Connecticut. She expects to receive her nursing degree in June of 1992. Presently she is unemployed, but has earned $1250.00 since January 1, 1991 as a private duty aide.
The parties are the coowners of a condominium at 49 D Canterbury Road in Plainville with little, if any, equity. Each has an automobile and no other assets except personal property.
Many of the issues have been resolved by agreement as set forth on plaintiffs' exhibit 2. Accordingly, the following agreed upon orders as modified by the court are entered:
1. A decree of dissolution may enter on the grounds of irretrievable breakdown. The plaintiff may take a change of name to Kathryn Muller. CT Page 6339
2. The Wife shall have custody of the minor child issue of the marriage of the parties, Danielle Kratter. The Husband shall have the right of reasonable visitation with the minor child as follows:
 a. Beginning at the time of the signing of this agreement, every other weekend: the first weekend on Saturday from 1:00 p.m. to 6:00 p.m. in Plainfield and on the third weekend from Friday at 6:00 p.m. to Sunday at 6:00 p.m. to be supervised by the Husband's parents at their home in Forest Hills, New York.
 b. Beginning 6 months from the date of the signing of this agreement, alternating weekends from Friday at 6:00 p.m. to Sunday at 6:00 p.m. the Husband shall inform the Wife of the child's whereabouts.
 c. After Danielle begins school, in the event that a school holiday occurs on a Monday when the Husband has visitation on the weekend immediately preceding the holiday, the Husband's visitation shall be extended to Monday until 6:00 p.m., provided that in no event shall the Husband have the child on more than one half of all such school holidays per year.
 d. The parties shall alternate having the child on Thanksgiving and New Year's Day, with the Husband having the child on Thanksgiving Day 1991, and the Wife having the child on New Year's Day 1992 and alternating thereafter. The Husband shall also have Passover and two days at Hanukkah during the Christmas school recess. If a conflict with the Easter/Passover holidays arises, the parties shall alternate with the Wife having the child first during said holiday period. The Wife shall have the child on all other holidays.
 e. During the summer 1991, the Husband shall have one week vacation with the minor child. Beginning in 1992 and thereafter, the Husband shall have two consecutive weeks of vacation with the minor child during the summer school recess. The Husband shall provide the Wife with written notice of the dates he intends to exercise said vacation time. The Wife shall have two weeks uninterrupted vacation time with the minor child each summer. The Wife shall provide the Husband with written notice of the dates she intends to exercise said vacation time. The party who notifies first shall have priority in scheduling.
 f. The Husband shall inform the Wife one week prior to a scheduled visitation if he does not intend to exercise visitation.
 g. The parties shall share equally in the transportation of the minor child to and from visitation. CT Page 6340
 h. The Wife shall notify the Husband of major decisions affecting the health, education and religious upbringing of the minor child.
3. The Wife shall not move the primary residence of the minor child from the State of Connecticut, except upon giving the Husband sixty (60) days prior written notice before moving. In such event, visitation arrangements shall be renegotiated through the Family Relations Office of the Superior Court, and/or submitted to a court of competent jurisdiction for a decision if agreement cannot be reached.
4. The minor child shall be raised in the Catholic religion. The Husband shall have the right to introduce the child to the Jewish culture.
5. The Husband shall pay to the Wife the sum of one-hundred and twenty five dollars ($125) per week as child support. This shall be paid by direct deposit into the Wife's account each week. An immediate wage execution shall be entered by the court so that the child support is deducted from the Husband's paycheck each week and deposited directly in the wife's account.
 a. The Husband shall notify the Wife when he changes employment. At such time, the child support shall be renegotiated based on all of the financial circumstances of both parties and of the child at that time.
6. The Husband shall maintain CMS, Blue Cross and major medical insurance coverage, or its equivalent, for the benefit of the minor child and shall pay one half of all unreimbursed medical, dental, eye care, prescription, psychological and psychiatric expenses for the minor child. The Husband periodically shall supply to the Wife documentation to verify the medical insurance coverage. The Wife shall also maintain medical insurance coverage for the minor child if available through her employment if the cost of said medical insurance coverage for the minor child does not exceed twenty (20%) percent of the total cost of the medical insurance premium.
7. The Husband shall maintain life insurance on his life in the face amount of $100,000.00 and shall name the minor child as irrevocable beneficiary until the child reaches the age of eighteen years. The Husband shall cooperate with the Wife to verify that said life insurance policies are in full force and effect and that the premiums are current, and he shall execute whatever authorizations are reasonable and necessary from time to time to permit verification directly with the carrier.
8. After the Wife secures employment, she shall maintain life insurance on her life in the face amount of $50,000.00 and shall name the minor child as irrevocable beneficiary and the maternal grandparents as contingent beneficiaries thereof until the child reaches the age of CT Page 6341 eighteen years. The Wife shall cooperate with the Husband to verify that said life insurance policies are in full force and effect and that the premiums are current, and she shall execute whatever authorizations are reasonable and necessary from time to time to permit verification directly with the carrier.
9. The Husband shall convey to the Wife on the date of the dissolution of the marriage all of his right, title and interest in and to the real property located at 49 D Canterbury Road, Plainfield, Connecticut. The Wife shall assume and pay the existing mortgage, taxes, insurance, condominium fees incurred after September 30, 1990, and other costs associated with said real property and hold the Husband harmless therefrom.
10. The Husband shall assume and pay within 30 days of the signing of this Agreement the condominium fees in the amount of $595.00 incurred at the 49 D Canterbury Road property between January 1, 1990, and September 30, 1990, and hold the Wife harmless therefrom. In addition the Husband shall pay a sewer lien in the amount of $150.50 and a fire lien of $140.91. These payments shall be made out of the tax refund on a joint return for the year 1990. Any balance of said funds shall be turned over to the Wife. The Husband shall have the income tax deduction for the minor child.
11. In addition to the condominium fees set forth in paragraph 10 above, the Husband shall assume and pay all of the joint credit card debts and all other debts listed on his financial affidavit filed with the court on the date of the dissolution of the marriage of the parties and hold the Wife harmless therefrom. The Wife shall assume and pay all of the debts listed on her financial affidavit filed with the court on the date of the dissolution of the marriage of the parties and hold the Husband harmless therefrom, with the exception of the legal fees which the court shall decide,
12. The Husband shall pay to the Wife the sum of $150.00 per week as alimony until July 1, 1992. Each party is awarded $1.00 alimony, modifiable only as necessary to protect the other on the obligations set forth in the foregoing paragraphs.
13. Each party shall retain title to the furniture, furnishings and other personal property presently in his or her respective possession, with the exception of the items listed on Schedules A and B annexed hereto which shall belong to the Wife and Husband, respectively. The parties shall exchange in good order all of the items listed on these schedules within thirty (30) days of the dissolution of the marriage.
14. The Wife is awarded lump sum counsel fees in the amount of Five Thousand Dollars ($5,000.00) payable at the rate of $100.00 per week commencing July 1, 1992.
Judgment shall enter in accordance with the foregoing. CT Page 6342
PICKETT, J.
SCHEDULE A
Property of the Wife
All kitchen appliances (toaster oven, Kitchen Aid mixer, blender), one-half of the pots and pans, dishes, two-thirds of the utensils, and miscellaneous tableware
Service or eight of Epoch stoneware
Quilt- red and green check
Sony television
Flowered brown living room lamp
Tall southwestern style living room lamp
White ceramic living room lamp
Danielle's furniture and belongings (including bookcase, all old baby clothes, clothes material, toys)
Crib
SCHEDULE B
Property of the Husband:
1987 Chrysler LeBaron automobile
AMC Jeep
Bedroom set
Leather couch
Dining room table and chairs
Stereo
Computer
150 gallon aquarium
Service for four of Epoch stoneware CT Page 6343
Samsung television